MARY H. HAAS (State Bar No. 149770)
  maryhaas@dwt.com
ROCHELLE WILCOX (State Bar No. 197790)
  rochellewilcox@dwt.com
MATTHEW C. ONYETT (State Bar No. 295419)
  mattonyett@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa St., Suite 2400
Los Angeles, California 90017-2566
Telephone   (213) 633-6800
Facsimile   (213) 633-6899


Attorneys for Plaintiff
RED LION HOTELS
FRANCHISING, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED LION HOTELS FRANCHISING, INC. <br><br>                            Plaintiffs, <br><br>      vs. <br><br> FIRST CAPITAL REAL ESTATE, INVESTMENTS, LLC, a California limited company; SUNEET SINGAL and MAJIQUE LADNIER, individually and as the marital community comprised thereof, <br><br>                    Defendants. | Case No. **2:18-mc-00161-TLN-DB** <br><br> **NOTICE OF MOTION AND MOTION FOR ORDER CHARGING DEBTORS' MEMBERSHIP INTEREST IN TWO WHOLLY OWNED LIMITED LIABILITY COMPANIES AND ASSIGNING ASSETS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ROCHELLE WILCOX AND EXHIBITS A–Z** <br><br> Date:      August 9, 2019 <br> Time:      9:30 <br> Courtroom: 27 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 9, 2019, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 27 of the above-captioned court, located at 501 I Street, Sacramento, California 95814, Plaintiff Red Lion Hotels Franchising, Inc. ("Red Lion"), the judgment creditor in this matter, will and hereby does move, pursuant to California Code of Civil Procedure sections 708.310 through 708.320 and California Corporations Code sections 15907.03 and 17705.03, for an order:

(1)     Charging the membership interest of judgment debtor Suneet Singal ("Singal"), including any interest held through the Ladnier-Singal Trust, dated December 14, 2015[1] (the "Trust"), in the limited liability corporation First Capital Master Advisor, LLC ("FCMA") with payment of the unpaid balance of the judgment entered in this action; and Charging the membership interest of judgment debtor Majique Ladnier ("Ladnier"), including any interest held through the Trust, in the limited liability corporation FCMA with payment of the unpaid balance of the judgment entered in this action;

(2)     Directing FCMA and all members thereof to pay any distributions due or to become due to Singal, Ladnier, or the Trust directly to Red Lion until the amount remaining due on the judgment, plus all accrued interest and post-judgment costs thereon, is paid in full;

(3)     Charging the membership interest of judgment debtor Singal, including any interest held through the Trust, in the limited liability corporation SRS, LLC ("SRS") with payment of the unpaid balance of the judgment entered in this action;

---

[1] The evidence shows that Singal and Ladnier transferred their interests in the Limited Liability Companies at issue into the Trust, which is revocable. Assets held in a revocable trust are reachable as if they were held by the debtors in their individual capacities pursuant to California Probate Code section 18200. As Red Lion establishes below, a purported amendment to the Trust created by Singal and Ladnier is voidable – as two California courts already have held – as it is an invalid trust document fraudulently created in an attempt to shield assets from creditors.

and Charging the membership interest of judgment debtor Ladnier, including any interest held through the Trust, in the limited liability corporation SRS with payment of the unpaid balance of the judgment entered in this action;

(4)    Directing SRS and all members thereof to pay any distributions due or to become due to Singal, Ladnier, or the Trust directly to Red Lion until the amount remaining due on the judgment, plus all accrued interest and post-judgment costs thereon, is paid in full; and,

(5)    Assigning to Red Lion (a) the interest of FCMA in the $25,000,000 payment obligation on a loan from StHealth Capital Partners Group, LLC and (b) the interest of SRS in shares of Growth Properties, Inc., until the amount remaining due on the judgment, plus all accrued interest and post-judgment costs thereon, is paid in full.

This Motion is made on the grounds that Red Lion is informed and believes that (1) Red Lion has secured an enforceable judgment against Singal and Ladnier; (2) that judgment was registered before this Court on October 25, 2018; (3) Singal and/or Ladnier hold an interest, through the Trust, in FCMA; and (4) SRS is a wholly owned subsidiary of FCMA.

///

///

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, and Declaration of Rochelle Wilcox and exhibits, Declaration of Nate Troup and Request for Judicial Notice attached hereto, the pleadings, records and all other documents on file herein, as well as such oral argument as may be presented at the hearing of this matter.

DATED: July 2, 2019                    DAVIS WRIGHT TREMAINE LLP
                                       MARY H. HAAS
                                       ROCHELLE WILCOX
                                       MATTHEW C. ONYETT


                                       By:_____s/Rochelle L. Wilcox
                                                Rochelle Wilcox
                                                rochellewilcox@dwt.com

                                       Attorneys for Plaintiff
                                       RED LION HOTELS FRANCHISING,
                                       INC.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................. 1

II. RELEVANT BACKGROUND SUMMARY ............................................... 2

    A. Red Lion's Judgment ................................................................................ 2

    B. The Ladnier-Singal Trust ......................................................................... 3

    C. Singal and Ladnier's Current Financial Situation ........................... 4

    D. The Trust's Holdings ................................................................................. 5

        1. First Master Capital Advisor, LLC ........................................... 5

        2. SRS, LLC ....................................................................................... 5

    E. State Court Judgments and Charging Orders in Other Matters ........... 6

        1. JFURTI Judgment .......................................................................... 6

        2. Burns Judgment .............................................................................. 7

III. ARGUMENT .................................................................................................... 7

    A. This Court Applies California Charging Order Procedures ................. 7

    B. The Evidence Establishes that the Trust Is Revocable ......................... 8

    C. The State Court Orders Are Binding on Singal and Ladnier ............. 11

    D. Red Lion Is Entitled to an Order Charging the Interests of Both FCMA and SRS ........................................................................................ 12

    E. The Court Should Assign FCMA and SRS's Interest in Assets to Red Lion, to Satisfy Its Registered Judgment ...................................... 13

IV. CONCLUSION ............................................................................................... 14

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

## <u>TABLE OF AUTHORITIES</u>

2
                                                                                              **Page(s)**

3
**Cases**

4
*Arluk Medical Center Industrial Group, Inc. v. Dobler,*
5
   116 Cal. App. 4th 1324 (2004) ............................................................................ 8

6
*Benasra v. Mitchell, Silberberg & Knupp,*
7
   96 Cal. App. 4th 96 (2002) ............................................................................... 11

8
*Carolina Casualty Ins. Co. v. L.M. Ross Law Group, LLP,*
9
   184 Cal. App. 4th 196 (2010) .............................................................................. 8

10
*DKN Holdings LLC v. Faerber,*
   61 Cal. 4th 813 (2015) ...................................................................................... 11

11

12
*La Jolla Bank, FSB v. Tarkanian,*
   No. 13-mc-14 GSA, 2013 WL 3717108 at *1 (E.D. Cal. July 12,

13
   2013) ................................................................................................................... 7

14
*In re Marriage of Boblitt,*
15
   223 Cal. App. 4th 1004 (2014) .......................................................................... 11

16
*In re Marriage of Dick,*
17
   15 Cal. App. 4th 144 (1993) ................................................................................ 9

18
*Migra v. Warren City School Dist. Bd. Of Educ.,*
   465 U.S. 75 (1984).............................................................................................. 11

19

20
*Phillips, Spallas & Angstadt, LLP v. Fotouhi,*
   197 Cal. App. 4th 1132 (2011) .......................................................................... 12

21

22
*In re Schwarzkopf,*
   626 F.3d 1032 (9th Cir. 2010) ............................................................................. 9

23

24
*StorMedia, Inc. v. Superior Court,*
   20 Cal. 4th 449 (1999) ........................................................................................ 5

25
*Zanelli v. McGrath,*
26
   166 Cal. App. 4th 165 (2008) .............................................................................. 8

27
*Zanelli v. McGrath,*
   166 Cal. App. 4th 615 (2008) ............................................................................ 12

28

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Statutes**

28 U.S.C.A. § 1963 ............................................................................................ 3

California Code of Civil Procedure
   § 187 ................................................................................................. 12
   § 708.310 ................................................................................... 6, 7, 14
   § 708.510 .......................................................................................... 14
   § 708.510(a) ..................................................................................... 13
   § 708.510(c) ..................................................................................... 13

California Corporations Code
   § 15907.03(a) .................................................................................... 7
   § 16504(a) ........................................................................................ 12
   § 17705.03 ........................................................................................ 14
   §§ 17705.03-04 ................................................................................. 6
   § 17705.03(a) .................................................................................... 8
   § 17705.03(b)(2) .............................................................................. 12

California Probate Code
   § 15203 .............................................................................................. 9
   § 18200 .................................................................................. 8, 11, 12

**Rules**

Federal Rules of Civil Procedure 69(a) ......................................................... 7

**Other Authorities**

Alan M. Ahart, *California Practice Guide: Enforcement of Judgment
   and Debt* ¶ 6:1467 (THE RUTTER GROUP, June 2019) ......................... 13

MOTION FOR CHARGING ORDER
4828-3306-8698v.5 0088456-000079

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITY

## I.    INTRODUCTION

Red Lion Hotels Franchising, Inc. ("Red Lion") obtained a judgment for $1,297,765.58 plus interest against Defendants Suneet Singal ("Singal") and Majique Ladnier ("Ladnier") in September 2018.  Singal and Ladnier have not made any payments to satisfy the judgment.  Thus, under clear California law (which applies here), Red Lion is entitled to an order charging Singal and Ladnier's interests in any entities that they may own or control.  Section III.A, *infra*.

After diligent efforts to collect the judgment, Red Lion has learned that Singal and Ladnier control substantial assets through two limited liability companies held by the Ladnier-Singal Trust, a revocable family trust Singal and Ladnier established on December 14, 2015 (the "Trust").  Red Lion seeks an order charging their membership interest in those LLCs – First Capital Master Advisor, LLC ("FCMA") and SRS, LLC[2] ("SRS").  Red Lion understands the Trust assets include a $25 million receivable note, payable by StHealth Capital Partners Group, LLC to FCMA, in addition to shares in a real estate investment trust (REIT) held by SRS, which are estimated to be worth roughly $4.8 million.

In a thinly disguised effort to prevent collection efforts by their ***many*** judgment creditors, Singal and/or Ladnier recently presented documents purporting to have converted the revocable Trust into an irrevocable trust ("Trust Amendment") on the very same day that they originally created the Trust.  Yet, that purported Trust Amendment was not fully executed until years later; it was notarized in January 2019, just as Singal and Ladnier were starting to fight off their creditors in earnest.  As California courts in Sacramento and San Mateo found the putative Trust Amendment was nothing more than an attempt to fraudulently shield the assets from creditors, and it is void.  Sections III.B, III.C, *infra*.

---

[2] As explained *infra*, SRS is a wholly owned subsidiary of FCMA whose sole member is the Trust.

MOTION FOR CHARGING ORDER
4828-3306-8698v.5 0088456-000079

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Red Lion's research has disclosed more than twenty judgments against Singal. The holders of at least two of those judgment have sought and received charging orders in California Superior Courts against the two LLCs at issue here. *See* Declaration of Rochelle Wilcox ("Wilcox Decl."), Exs. R, T. In those cases, the Superior Courts found that the LLCs were reachable by charging order. *Id.*

Red Lion asks this Court to do the same. In an effort to collect upon its enforceable judgment, Red Lion respectfully requests an order from this Court charging Singal and Ladnier's interests in FCMA and SRS, held through the Trust, as a means to satisfy the judgment against them. Section III.D, *infra*. In addition, Red Lion requests that the Court assign FCMA and SRS's interests in their assets to Red Lion, to the extent necessary to satisfy its judgment. Section III.E, *infra*.

## II.   RELEVANT BACKGROUND SUMMARY

### A.   Red Lion's Judgment

In February of 2015, Red Lion entered into franchise license agreements with Singal and Ladnier (through various entities) for the operation of three hotels. Wilcox Decl., Ex. V at ¶¶ 10-14.[3] Singal and Ladnier personally guaranteed the sums owed under the agreements. *Id.* at ¶ 25. Shortly after entering into the agreements, the entities began to fall behind in the payments owed to Red Lion; a trend which continued despite Red Lion's accommodation. *Id.* at ¶ 27. By November 2016, the three entities together were more than $500,000 behind on payments to Red Lion and it was determined the hotels were no longer operating (*id* at ¶¶ 28-29), despite the fact that neither Singal, Ladnier nor their entities had provided any notice that hotel operations would be discontinued (*id.* at ¶ 30). Shortly thereafter, Red Lion terminated the agreements. *Id.* at ¶¶ 31-32. Singal, Ladnier, and the various entities operating the hotels failed to make payments on the amounts due as a result of the

---

[3] The facts explaining the underlying case that led to the judgment in this matter derive from Red Lion's motion for summary judgment in that case. Wilcox Decl., Ex. V. These statements are provided for context and are not offered as evidence in support of this motion.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

termination.  *Id.* at ¶ 33.  Red Lion was forced to sue to enforce its rights under the franchise license agreements and the personal guarantees signed by Singal and Ladnier.

As a result of the litigation, Red Lion obtained a judgment for $1,297,765.58 plus interest against Singal, Ladnier, and First Capital Real Estate Investments, LLC ("FCREI") on September 6, 2018, in the United States District Court for the Eastern District of Washington (the "Judgment").  Wilcox Decl., Ex. A.  On October 25, 2018, the Judgment was registered in this Court pursuant to 28 U.S.C.A. § 1963.  Wilcox Decl., Ex. B.  On March 6, 2019, writ of execution of the Judgment was obtained in this court.  Wilcox Decl., Ex. C.

Red Lion has taken considerable efforts to attempt to collect on the judgment.  Counsel took the Debtor Examination of Singal and Ladnier in an attempt to locate assets.  Wilcox Decl., Exs. E, F.  Each subpoena included document demands that Singal and Ladnier have largely ignored.  Wilcox Decl., ¶¶ 7, 8 & Exs. E, F.  As of the time of filing this motion – nearly a year since entry of the judgment – no payment has been made on the judgment.  Declaration of Nate Troup, ¶ 3.

**B.     The Ladnier-Singal Trust**

On December 14, 2015, Singal and Ladnier created the Trust.  Wilcox Decl., Ex. H.  Singal and Ladnier were the sole Trustees of the Trust at the time of its formation.  Each reserved the right to revoke the Trust at any time, without obtaining the consent of or giving notice to any beneficiary.  *Id.* at ¶ 2.5.  Singal and Ladnier maintained the right to appoint and remove trustees and to direct and approve the trustees' actions.  *Id.* at ¶ 2.5, 2.6.  Singal and Ladnier had the unrestricted right to transfer or dispose of any asset transferred to the Trust, including withdrawing any Trust asset and restoring ownership to themselves.  *Id.* at ¶ 2.3.  On December 14, 2015, the Trust document was notarized by notary public Barbara Angellini.  *Id.*

Another judgment creditor, JFURTI, LLC ("JFURTI"), is aggressively pursuing Singal and Ladnier in an attempt to recover a substantial judgment, in an

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

action pending in Sacramento Superior Court (the "JFURTI Litigation").  *See* Wilcox Decl., Ex. J.  In an apparent reaction to that litigation, Singal and Ladnier recently argued the Trust is actually irrevocable and therefore a charging order may not reach its assets.  Wilcox Decl., Ex. N.  For the first time – so far as Red Lion can ascertain – Singal produced a document titled "Amendment to the Ladnier-Singal Trust."  Wilcox Decl., Ex. I.[4]  The Trust Amendment purports to convert the Trust into an irrevocable trust, while adding two new purportedly "independent" trustees:  Stephen Michael Goodwin and Jeanine DeVries.  Wilcox Decl., Ex. I.  They are not independent.  Goodwin is a friend and business partner of Singal.  Wilcox Decl., Ex. M.  DeVries is Ladnier's mother.  Wilcox Decl., Ex. M.  The putative Trust Amendment is dated the same date as the original Trust document, December 14, 2015; however, the Trust Amendment was notarized on **January 31, 2019** – after the judgment in this case and the other cases were obtained – by notary public Cynthia Campbell.  Wilcox Decl., Ex. I.

Ladnier, however, has testified that the Trust is, in fact, revocable, attesting:

> Q: Who is the trustee of the trust?
> A: So, we're the—we, we have—we're the trustees.
> Q: Is it a revocable or irrevocable trust?
> A: Revocable.

Wilcox Decl., Ex. L at 91:13-93:3.[5]

## C.    Singal and Ladnier's Current Financial Situation

Despite the number of judgments against the couple, Singal and Ladnier live a lavish lifestyle.  Ladnier testified that she continues to employ a gardener and pool

---

[4] Despite numerous attempts by Red Lion, Singal and Ladnier have steadfastly refused to produce the Trust documents.  Partial trust documents were provided in opposition to a post-judgment motion in the Burns Litigation.  Wilcox Decl., Ex. W.  Counsel for Singal represented that he would provide complete copies of the Trust documents to counsel at Singal's debtor's examination but requests since the examination have been ignored.  Wilcox Decl., Ex. F at 26:22-24 ("And, Counsel, you're going to provide me the trust document.  [Counsel for Singal] Yes ma'am."); *see also* Exs. H, I.

[5] Ladnier is an active member of the California bar who presumably understands the concept of a revocable trust.  Wilcox Decl., Ex. G at 8:3-24.

MOTION FOR CHARGING ORDER
4828-3306-8698v.5 0088456-000079

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

person, and that two of her children attend private school for approximately $1,300 per month. Wilcox Decl., Ex. L at 26:23-29:12.[6]  Singal and Ladnier manage to live this lifestyle despite purportedly not having any bank accounts or income. *Id.* Ladnier also testified that she pays $650 to her mother each month to make her car payments. *Id.* at 32:12-33:25. Singal testified that while he no longer has his Maserati, he drives a leased Mercedes that costs approximately ***$2,200 per month*** that his "buddies" pay. Wilcox Decl., Ex. F at 44:15-45:22.

**D.     The Trust's Holdings**

**1.     First Master Capital Advisor, LLC**

The Trust is the sole member of FCMA. Wilcox Decl., Ex. F at 14:19-26:8; *see also* Wilcox Decl., Ex. Q at p. 329-31 (FC Global S-4 SEC filing, identifying the Trust as the owner[7]), 205-206 n.10). On March 1, 2018, interest in FCMA was transferred to the Trust. Wilcox Decl., Ex. Z. Among other possible assets, Red Lion has learned that FCMA wholly and directly owns a $25,000,000 payment obligation on a loan from StHealth Capital Partners Group, LLC ("StHealth"). Wilcox Decl., Ex. F at 37:1-39:5 (Singal Debtor examination); *see also* Wilcox Decl., Ex. K at 17:11-20:25 (Singal/JFURTI examination).

**2.     SRS, LLC**

SRS is a wholly owned subsidiary of FCMA. Wilcox Decl., Ex. Q (SEC Filing 205-206 n.10). Because FCMA wholly owns SRS, and the Trust is the sole member of FCMA, the Trust owns and controls SRS.

A SEC Filing dated January 30, 2019, by FC Global Realty, Inc. – an entity that was then proposing to merge with Gadsen Growth Properties, Inc. ("Gadsen") –

---

[6] According to the website Trulia, the couple's 5,000 square foot home in El Dorado Hills is zoned for three excellent schools. Wilcox Decl., Ex. Y.

[7] Public SEC filings are required to be truthful and are routinely accepted as evidence in Court proceedings. *See e.g., StorMedia, Inc. v. Superior Court*, 20 Cal. 4th 449, 456, n.9 (1999) (taking judicial notice of a proxy statement and registration statement filed with the SEC).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

shows that as of that date, SRS (and therefore, the Trust) owned or had the right to receive 9.1% of the common stock of Gadsen.  Wilcox Decl., Ex. Q.  This amounts to 481,004 shares, which Singal has testified is currently trading at $10 per share. Wilcox Decl., Ex. K at 103:1-3.

## E.  State Court Judgments and Charging Orders in Other Matters

At least two holders of judgments against Singal and/or his entities have sought and obtained charging orders against the Trust's interests in FCMA and SRS.

### 1.  JFURTI Judgment

Judgment Creditor JFURTI obtained a judgment of more than $21 million against Singal and some of his entities in the Supreme Court of the State of New York.  JFURTI sought and obtained entry of judgment in the California Superior Court for the County of Sacramento.[8]  JFURTI has taken many actions in an attempt to collect on the judgment, including – as relevant here – obtaining an order charging Singal's interest in FCMA and SRS.

JFURTI's Motion for Post-Judgment Relief Order was heard by Superior Court Judge Christopher Krueger, the judge assigned to law and motion for the Sacramento Superior Court, who has substantial experience with post-judgment relief orders. Judge Krueger issued an ordered "Pursuant to Code of Civil Procedure section 708.310 and Corporations Code sections 17705.03-04, charging the Ladnier-Singal Family Trust's (the "Trust") direct and/or indirect membership interests in First Capital Master Advisor, LLC ("FCMA") and SRS, LLC ("SRS") which public SEC filings show to be wholly owned by the trust."  Wilcox Decl., Ex. R (May 14, 2019 Minute Order).  Judge Krueger explained that "JFURTI submits an incomplete copy of the Trust Agreement showing that the Trust is a [sic] revocable.  Singal, on the other hand, proffers no evidence disputing that the Trust is revocable.  The Court, therefore, concludes that the Trust is valid and revocable."  *Id.*

---

[8] *JFURTI LLC v. Suneet Singal*, Case No. 34-2018-00227994-CU-EN-DGS.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### 2.    Burns Judgment

Judgment Creditors Derrick Burns and Vince Nakayama obtained a stipulated judgment against Singal for $812,375.00 in January 2019.  After Singal failed to pay the judgment as agreed, Burns and Nakayama moved for post-judgment relief including a charging order against Singal's membership interest in FCMA and SRS in the California Superior Court for the County of San Mateo.  Wilcox Decl., Ex. S (May 10, 2019 Motion for Post-Judgment Relief, *Burns et al. v. Singal et al.*, Case No. 17CIV02547).  Burns argued that the Trust was revocable and therefore the interest was chargeable.  *Id.* at p. 4-5.  Singal argued that the Trust could not be reached because it was irrevocable.  Wilcox Decl., Ex. N at 4:13-5:1.

The San Mateo Superior Court found the Trust is revocable, pointing to the decision and Order of the Sacramento County Superior Court.  Wilcox Decl., Ex. T.  The San Mateo Superior Court concluded that the "evidence indicates Singal and his wife created the Trust in December 2015 expressly as a revocable trust, when they reserved to themselves (the Trustors) the right to withdraw property from the Trust estate and revoke the Trust agreement."  *Id.*  In response to Singal's argument that the Trust Amendment made the Trust irrevocable, the Court found "that the purported Amendment notarized on 1-31-19 lacks validity, and the Ladnier-Singal Family Trust is revocable."  *Id.*

## III.    ARGUMENT

### A.    This Court Applies California Charging Order Procedures

When executing a judgment, federal courts apply the procedures of the state in which they are located.  FED. R. CIV. P. 69(a); *see also La Jolla Bank, FSB v. Tarkanian*, No. 13-mc-14 GSA, 2013 WL 3717108 at *1 (E.D. Cal. July 12, 2013).  Any court of competent jurisdiction may enter a charging order under California law.  Cal. Corp. Code § 15907.03(a).

California Code of Civil Procedure section 708.310 provides, in relevant part, that a money judgment against a judgment debtor's interest in a limited liability

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

company may be applied toward the satisfaction of the judgment by an order charging a judgment debtor's interest. *See also* Cal. Corp. Code § 17705.03(a) ("On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment."). The charging order constitutes a lien on the judgment debtor's interest and requires the LLC to withhold any distributions that would be made to the judgment debtor and instead pay them to the judgment creditor. Cal. Corp. Code § 17705.03(a).

A membership interest can be charged even if held in the debtor's revocable trust. California law is clear that property held in a revocable trust is subject to the claims of creditors and may be used to satisfy a judgment. Cal. Prob. Code § 18200. "There is no distinction in California law between property owned by the revocable trust and property owned by the settlor of such a revocable trust during the lifetime of the settlor." *Carolina Casualty Ins. Co. v. L.M. Ross Law Group, LLP*, 184 Cal. App. 4th 196, 208 (2010) (quoting *Zanelli v. McGrath*, 166 Cal. App. 4th 165, 633 (2008)) (internal quotations omitted). This rule exists as "a settlor with the power to revoke a living trust effectively retains full ownership and control over any property transferred to that trust." *Arluk Medical Center Industrial Group, Inc. v. Dobler*, 116 Cal. App. 4th 1324, 1331-32 (2004).

**B.    The Evidence Establishes that the Trust Is Revocable**

In response to past motions, Singal argued that the Trust does not exist or is invalid. *E.g.*, Wilcox Decl., Ex. U at 2:15-3:21. As he now has been forced to concede, that argument has no merit; the Trust exists and it holds substantial, valuable interests in FCMA and SRS, as both Singal and Ladnier now have admitted in sworn testimony. Wilcox Decl., Exs. L at 91:13-93:3, P at 8:16-9:20.

Having lost on that argument, Singal has changed tactics. In response to collection efforts by JFURTI and Burns/Nakayama, Singal claimed the Trust was converted from revocable – as it originally was established – to irrevocable. Wilcox

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Decl., Ex. N at 4:13-5:1.  As Red Lion establishes *infra,* Section C, two California

2  courts have rejected that argument, holding that the Trust is revocable and can be

3  charged for Singal and Ladnier's debts, and those decisions control here.

4      The putative Trust Amendment does not affect Red Lion's right to reach the

5  Trust assets.  As the Ninth Circuit has explained, "'[i]t is well-settled that a trust

6  created for the purpose of defrauding creditors or other persons is illegal and may be

7  disregarded.'"  *In re Schwarzkopf*, 626 F.3d 1032, 1037 (9th Cir. 2010) (quoting *In*

8  *re Marriage of Dick*, 15 Cal. App. 4th 144, 161 (1993)); *see also* Cal. Prob. Code

9  § 15203 ("A trust may be created for any purpose that is not illegal or against public

10  policy.").  Under this clear law, even if Singal *could* convert the Trust into an

11  irrevocable trust through the Trust Amendment that was not even fully executed until

12  years after it purportedly was signed, the Trust Amendment is voidable because the

13  evidence establishes that it was designed to defraud Singal and Ladnier's creditors

14  and prevent collection of their assets by attempting to shield the substantial assets

15  held in the Trust from the growing roster of judgment creditors.

16      The Trust itself – at least, the portions that Singal has disclosed – establishes

17  that the Trust is revocable.  Wilcox Decl., Ex. I.  Ladnier – a California attorney –

18  testified that the Trust is revocable.   Wilcox Decl., Ex. L at 91:13-93:3

19  (JFURTI/Ladnier Examination); *see* Wilcox Decl., Ex. G at 8:3-24.  The putative

20  Trust Amendment on which Singal hangs his hat is dated December 14, 2015 – the

21  same day as the Trust – but that date is clearly meaningless as shown by the notary

22  signature, which occurred on January 31, 2019, *after* all of the judgments, including

23  the Judgment at issue here, were entered, and in the midst of JFURTI's assertive

24  collection efforts.  Wilcox Decl., Exs. B (Red Lion Judgment), I (the Trust

25  Amendment), X.  The Trust itself was notarized contemporaneously with its creation,

26  yet the notarization of the Trust Amendment occurred more than three years after

27  Singal and Ladnier claim to have signed it.  Wilcox Decl., Exs. H, I.  Singal and

28  Ladnier have never offered a credible explanation for why they would have amended

MOTION FOR CHARGING ORDER
4828-3306-8698v.5 0088456-000079

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the Trust on the same day they signed it – purportedly fundamentally changing its nature and their right to the substantial assets that would be transferred to it.

Just as importantly, the evidence is clear that the Trust is operated by Singal to this day.  Neither of the new trustees is independent – one is Singal's friend and business partner, the other is Ladnier's mother.  Wilcox Decl., Ex. M at 16:5-6, 23:5-17.  The fraudulent role of the putative trustees was exposed recently when one of them made clear during his post-judgment examination that he has no knowledge of and plays no role whatsoever in administration of the Trust.  Goodwin testified that he is not sure when he became a trustee of the Trust; had never seen the Trust documents before; he has never transacted any business on behalf of the Trust; he has no knowledge of any bank accounts held by the Trust (other than a vague memory about an investment account statement he may once have seen in Singal's office); he has never communicated with anyone regarding the Trust; he has never discussed the Trust with anyone other than Singal; and he has no idea how decisions are made regarding the administration of the Trust.  Wilcox Decl., Ex. M at 24:1-26:22, 30:22-31:12.  In contrast – in an apparent attempt to portray Goodwin and DeVries as independent trustees – Singal has testified that Goodwin and DeVries control the bank accounts of FCMA.  Wilcox Decl., Ex. O at 9:21-10:3.  Perhaps realizing too late the inconsistency of his testimony, Singal later testified that FCMA did not have any bank accounts – only to be confronted with payments made to Ladnier from an FCMA account – and forced to admit that FCMA does some banking.  Wilcox Decl., Ex. P at 54:16-55:7.

The evidence establishes – as two California courts have found – the Trust is revocable.  Singal and Ladnier's attempts to protect their substantial assets from their creditors was fraudulent and voidable.  This Court should find, as well, and issue its Order charging the Trust assets for the debt owed to Red Lion.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**C.      The State Court Orders Are Binding on Singal and Ladnier**

This Court should find that the Trust assets are available to creditors for the additional reason that Singal and Ladnier are precluded from arguing otherwise.  Two California courts have held that the Trust is revocable and its membership interests are chargeable.  Wilcox Decl., Exs. R, T.  As the U.S. Supreme Court has held, "a federal court ***must*** give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984) (emphasis added).  And California law is clear that "a party ordinarily may not relitigate an issue that he fully and fairly litigated on a previous occasion." *In re Marriage of Boblitt*, 223 Cal. App. 4th 1004, 1028 (2014) (quoting *Benasra v. Mitchell, Silberberg & Knupp*, 96 Cal. App. 4th 96, 104 (2002)) (internal quotations omitted).

Under California law, issue preclusion applies "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party."  *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 825 (2015).  Importantly, the party asserting issue preclusion – Red Lion – need not have been a party to the first suit.  *Id.* at 824 ("[u]nlike claim preclusion, issue preclusion can be raised by one who was not a party or privy in the first suit.").

Here, each of the elements of issue preclusion has been met.  Two different courts have ruled that the Trust must be treated as revocable, and its assets are available to Singal and Ladnier's judgment creditors.  Wilcox Decl., Exs. R, T.  Singal and Ladnier were parties to the previous cases.  *Id.*  The question of whether Trust assets are chargeable was the subject of both motions and Singal and Ladnier opposed the issue in both.  Wilcox Decl., Exs. U at p. 2-5, N at p. 4-6.  In each case, the courts rejected Singal and Ladnier's arguments, holding the evidence supports a finding that the Trust was revocable and its assets are available to creditors pursuant to California

MOTION FOR CHARGING ORDER
4828-3306-8698v.5 0088456-000079

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Probate Code section 18200.  Wilcox Decl., Exs. R at p. 2-3, T.  Singal and Ladnier therefore should not be allowed to argue that the Trust assets are not chargeable.

**D.** **Red Lion Is Entitled to an Order Charging the Interests of Both FCMA and SRS**

As explained above, FCMA is controlled by the Trust which wholly owns SRS. Section II.C, *supra*.  Thus, the Court's charging order should extend to both entities.

***First***, because the Trust is revocable, creditors may reach the assets its holds. Under California Probate Code section 18200, "[i]f the settlor retains the power to revoke the trust in whole or in part, the trust property is subject to the claims of creditors of the settlor to the extent of the power of revocation during the lifetime of the settlor."  Therefore, an order charging the membership interest in FCMA is appropriate just as if Singal and Ladnier held the interest in their individual capacities. *See Zanelli v. McGrath*, 166 Cal. App. 4th 615, 633 (2008) ("Property transferred to, or held in, a revocable inter vivos trust is nonetheless deemed the property of the settlor and is reachable by the creditors of the settlor.").  Thus, this Court can and should issue a charging order as to all of FCMA's assets.

***Second***, this Court also is authorized to issue a charging order against FCMA's wholly owned subsidiary, SRS.  Under California Corporations Code section 17705.03(b)(2), "[t]o the extent necessary to effectuate the collection of distributions pursuant to a charging order in effect… the court may do the following: … (2) Make all other orders necessary to give effect to the charging order."  This statute gives courts broad leeway to construct charging orders that effectively reach the debtor's assets. *Cf.*, *Phillips, Spallas & Angstadt, LLP v. Fotouhi*, 197 Cal. App. 4th 1132, 1141-42 (2011) (applying similar statute to issue charging order against partnership and related corporation (citing Cal. Corp. Code § 16504(a); Cal. Code Civ. Proc. § 187)).  Thus, this Court's Order can and should reach SRS, and all of its assets, as well.

MOTION FOR CHARGING ORDER
4828-3306-8698v.5 0088456-000079

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### E.    The Court Should Assign FCMA and SRS's Interest in Assets to Red Lion, to Satisfy Its Registered Judgment

Because charging orders alone are often ineffective, Courts routinely also impose an enforcement mechanism.  *See* Alan M. Ahart, *California Practice Guide: Enforcement of Judgment and Debt* ¶ 6:1467 (THE RUTTER GROUP, June 2019) ("A charging order without an enforcement mechanism is likely of little value.").  Thus, "upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor … all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments."  Cal. Code Civ. Proc. § 708.510(a).

When determining whether an assignment order is appropriate, the Court has discretion to take into account "all relevant factors" including:

> (1) The reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor.
>
> (2) Payments the judgment debtor is required to make or that are deducted in satisfaction of other judgment and wage assignments, including earnings assignment orders for support.
>
> (3) The amount remaining on the money judgment.
>
> (4) The amount being or to be received in satisfaction of the right to payment that may be assigned.

Cal. Code Civ. Proc. § 708.510(c).

Applying these factors supports Red Lion's request for an assignment order. Singal testified that he is not relying on the assets at issue in this Motion; instead his extravagant lifestyle allegedly is currently being supported by friends.  *See* Section II.C, *supra*.  Wilcox Decl., Ex. F at 28:1-29:12, 79:15-22.  Red Lion's judgment is for $1.3 million, and while these assets purportedly are for a much greater amount, other creditors already are attempting to reach these assets to recover their own judgments – supported by assignment orders already entered for their benefit. Wilcox Decl., Exs. R, T.  Assignment of these assets would allow Red Lion to

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

participate with other judgment creditors in attempting to satisfy its judgment against Singal and Ladnier.

Pursuant to Section 708.510, the Court should grant Red Lion's request for an order assigning – to the extent necessary to satisfy the judgment – FCMA's interest in the StHealth obligation and SRS/FCMA's interest in the Gadsen shares.

## IV.   CONCLUSION

California law fully supports the Order that Red Lion seeks here, charging Singal's and Ladnier's interest in FCMA and SRS to satisfy Red Lion's judgment. As set forth above, Singal and Ladnier, through the revocable Trust, own both FCMA and SRS; these entities already are being charged by other creditors; and Red Lion's enforceable judgment, registered in this Court, has not been satisfied.

Accordingly, pursuant to Code of Civil Procedure section 708.310 and California Corporations Code section 17705.03, Red Lion respectfully requests an order charging the membership interests in First Capital Master Advisors, LLC and SRS, LLC and an order assigning the assets held by those entities to Red Lion.

DATED: July 2, 2019                              DAVIS WRIGHT TREMAINE LLP
                                                 MARY H. HAAS
                                                 ROCHELLE WILCOX
                                                 MATTHEW C. ONYETT


                                                 By:  _____ *s/Rochelle L. Wilcox*
                                                           Rochelle Wilcox
                                                      rochellewilcox@dwt.com

                                                 Attorneys for Plaintiff
                                                 RED LION HOTELS FRANCHISING,
                                                 INC.

MOTION FOR CHARGING ORDER
4828-3306-8698v.5 0088456-000079

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# DECLARATION OF ROCHELLE WILCOX

I, Rochelle Wilcox, declare and state as follows:

1. I am an attorney licensed to practice law before the courts of the State of California and before this Court. I am a partner with the law firm of Davis Wright Tremaine LLP, counsel of record for Plaintiff Red Lion Hotels Franchising, Inc. ("Red Lion"). I have personal knowledge of the facts stated herein, except to those facts offered based on my information and belief as stated, and if sworn as a witness, could and would so testify thereto.

2. Attached as Exhibit A is a true and correct copy of a judgment obtained by Red Lion Hotels Franchising, Inc. in the United States District Court for the Eastern District of Washington, dated September 6, 2018.

3. Attached as Exhibit B is a true and correct copy of the Request for Registration of District Court Judgment Rendered in Another District filed in this Court by Red Lion on October 25, 2018.

4. [Paragraph intentionally left blank]

5. Attached as Exhibit C is a true and correct copy of a Writ of Execution filed in this Court by Red Lion on March 6, 2019.

6. Attached as Exhibit D is a true and correct copy of a civil subpoena and proof of service to appear in person and to produce records, which establishes that it was served on Suneet Singal on April 29, 2019.

7. Attached as Exhibit E is a true and correct copy of a civil subpoena and proof of service to appear in person and to produce records, which establishes that it was served on Majique Ladnier on May 4, 2019. While some documents responsive to the specific requests were produced, the requests have mostly been ignored.

8. Attached as Exhibit F is a true and correct copy of the Reporter's Transcript for a Debtor's Examination of Suneet Singal conducted on May 17, 2019 by my colleague Mary Haas, Esq., counsel for Red Lion. While some documents

15

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   responsive to the specific requests were produced, the requests have mostly been
2   ignored.

3       9.      Attached as Exhibit G is a true and correct copy of the Reporter's
4   Transcript for a Debtor's Examination of Majique Ladnier conducted on May 17, 2019
5   by Ms. Haas, counsel for Red Lion.

6       10.     Attached as Exhibit H is a true and correct copy of the Ladnier-Singal
7   2015 Trust attached as Exhibit B to the June 21, 2019 Debtor's Examination of Suneet
8   Singal in connection to the JFURTI litigation (which I attended to observe).

9       11.     Attached as Exhibit I is a true and correct copy of the document
10  purporting to be the Amendment to the Ladnier-Singal 2015 Trust attached as
11  Exhibit C to the June 21, 2019 Debtor's Examination of Suneet Singal in connection
12  to the JFURTI litigation (which I attended to observe).

13      12.     Attached as Exhibit J is a true and correct copy of the online docket for
14  Sacramento Superior Court Case No. 34-2018-00227994-CU-EN-DGS titled *JFURTI*
15  *LLC v. Suneet Singal et al.*, the "FJURTI Litigation."

16      13.     Attached as Exhibit K is a true and correct copy of excerpts from the
17  Reporter's Transcript of a Debtor's Examination of Suneet Singal, which I am
18  informed and believe was conducted on February 1, 2019 in connection with the
19  JFURTI litigation.

20      14.     Attached as Exhibit L is a true and correct copy of excerpts from the
21  Reporter's Transcript of a Debtor's Examination of Majique Ladnier, which I am
22  informed and believe was conducted on November 30, 2018 in connection to the
23  JFURTI litigation.

24      15.     Attached as Exhibit M is a true and correct copy of excerpts from the
25  Reporter's Transcript of a Debtor's Examination of Stephen Goodwin, which was
26  conducted on June 21, 2019 in connection to the JFURTI Litigation (and which I
27  attended to observe).

28

MOTION FOR CHARGING ORDER
4828-3306-8698v.5 0088456-000079

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

16.     Attached as Exhibit N is a true and correct copy of Suneet Singal and First Capital Real Estate Investments, LLC's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Post-Judgment Relief filed on April 26, 2019 in San Mateo Superior Court in Case No. 17CIV02547, *Burns et al. v. Suneet Singal et al.*, the "Burns Litigation."

17.     Attached as Exhibit O is a true and correct copy of excerpts from the Reporter's Transcript of a Debtor's Examination of Suneet Singal, which I am informed and believe was conducted on April 5, 2019 in connection to the JFURTI litigation. This transcript was attached as Exhibit D to the June 21, 2019 Debtor's Examination of Suneet Singal in connection to the JFURTI litigation (which I attended to observe).

18.     Attached as Exhibit P is a true and correct copy of excerpts from the Reporter's Transcript of a Debtor's Examination of Suneet Singal, which was conducted on June 21, 2019 in connection to the JFURTI litigation (and which I attended to observe).

19.     Attached as Exhibit Q is a true and correct copy of excerpts from Amendment No. 2 to the S-4 filed by FC Global Realty Incorporated with the Securities and Exchange Commission on or about January 30, 2019.

20.     Attached as Exhibit R is a true and correct copy of the May 14, 2019 Minute Order granting JFURTI's motion for post-judgment relief in Sacramento Superior Court Case No. 34-2018-00227994-CU-EN-DGS titled *JFURTI LLC v. Suneet Singal et al*.

21.     Attached as Exhibit S is a true and correct copy of the May 10, 2019 Amended Memorandum of Points and Authorities in support of Motion for Post-Judgment Relief, *Burns et al. v. Singal et al.*, San Mateo County Superior Court Case No. 17CIV02547.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

22.     Attached as Exhibit T is a true and correct copy of the online docket for San Mateo Superior Court Case No. 17CIV02547, reflecting the Court's order granting Plaintiffs' Motion for Post-Judgment Relief.

23.     Attached as Exhibit U is a true and correct copy of Suneet Singal's Memorandum and Points and Authorities in Opposition to JFURTI, LLC's Consolidated Motion for Post-Judgment Relief filed on May 1, 2019.

24.     Attached as Exhibit V is a true and correct copy of Red Lion's Statement of Facts in support of its Motion for Summary Judgment filed on June 5, 2018 in case no. 2:17-cv-145 RMP in the United Stated District Court for the Eastern District of Washington.

25.     Attached as Exhibit W is a true and correct copy of the Declaration of Suneet Singal in support of Defendants' Opposition to Plaintiffs' Motion for Post-Judgment Relief filed on April 26, 2019 in San Mateo Superior Court Case No. 17CIV02547, *Burns et al. v. Suneet Singal et al.*

26.     Attached as Exhibit X is at true and correct copy of the Memorandum of Points and Authorities in Support of JFURTI, LLC's Consolidated Motion for Post-Judgment Relief filed on April 9, 2019 in Sacramento Superior Court Case No. 34-2018-00227994-CU-EN-DGS titled *JFURTI LLC v. Suneet Singal et al*.

27.     Attached as Exhibit Y is a true and correct copy of information for the Singal's residence, 512 Alta Vista Ct., El Dorado Hills, CA 95762, which I accessed at trulia.com on June 27, 2019.

28.     Attached as Exhibit Z is a true and correct copy of a document titled "Assignment of LLC Membership Sale Consideration" dated March 1, 2018.  This document was attached as Exhibit F to the April 5, 2019 Debtor's Examination of Suneet Singal.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1       I declare under penalty of perjury under the laws of the State of California and

2  the United States that the foregoing is true and correct and that this declaration was

3  executed on July 2, 2019, in Roseville, California.

4

5                                         *s/Rochelle L. Wilcox*

6                                         ROCHELLE WILCOX
                                        rochellewilcox@dwt.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY HAND DELIVERY
### (Secretary)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On July 2, 2019 I caused the following documents described as:  **NOTICE OF MOTION AND MOTION FOR ORDER CHARGING DEBTORS' MEMBERSHIP INTEREST IN TWO WHOLLY OWNED LIMITED LIABILITY COMPANIES AND ASSIGNING ASSETS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ROCHELLE WILCOX AND EXHIBITS A–Z** to be served on all other parties to this action by requesting that a messenger from **Nationwide Legal** deliver true copies of the above-named documents, enclosed in sealed envelopes addressed as follows:

First Capital Real Estate Investments, LLC
c/o Suneet Singal agent for service
2355 Gold Meadow Way, Suite 160
Gold River CA 95670

Suneet Singal
512 Alta Vista Ct.
El Dorado Hills, CA  95762-9417

First Capital Master Advisor, LLC
60 Broad Street, 34th Floor
New York, NY  10004

Suneet Singal
2355 Gold Meadow Way, Suite 160
Gold River CA 95670

First Capital Master Advisor, LLC
c/o VCORP Services, LLC agent for service
1013 Centre Road, Suite 403-B
Wilmington, DE  19805

Majique Ladnier
512 Alta Vista Ct.
El Dorado Hills, CA  95762-9417

SRS, LLC
2355 Gold Meadow Way, Suite 160
Gold River CA 95670

Suneet Singal as Trustee of
the Ladnier-Singal Family Trust
512 Alta Vista Ct.
El Dorado Hills, CA  95762-9417

Jeannine DeVries, as Trustee of
the Ladnier-Singal Family Trust
4344 Greenwich Cir
Sacramento, CA  95823

Majique Ladnier, as Trustee of
the Ladnier-Singal Family Trust
512 Alta Vista Ct.
El Dorado Hills, CA  95762-9417

Steven Goodwin, as Trustee of
the Ladnier-Singal Family Trust
3230 Fieldcrest Drive
Sacramento, CA  95821

Executed on July 2, 2019 at Los Angeles, California.

☒　　　Federal　　　I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
Monica Davis
Print Name

_____
Signature

_____
MOTION FOR CHARGING ORDER
4828-3306-8698v.5 0088456-000079

20

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | |
|---|---|
| 1 | **PROOF OF SERVICE BY MAIL** |
| 2 | Joshua D. Brinen, Esq.                    Robert M. Merritt, Esq. |
| 3 | Brinen & Associates LLC                  Law Offices of Robert M. Merritt, APC<br>90 Broad Street, FL 2                        601 University Avenue, Suite 141 |
| 4 | New York, NY  10004-3313               Sacramento, CA  95825 |

5        I placed such envelope(s) with postage thereon fully prepaid for deposit in the United

6   States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting
    and processing correspondence for mailing with the United States Postal Service.  I am familiar

7   with the office practice of Davis Wright Tremaine LLP, for collecting and processing
    correspondence for mailing with the United States Postal Service, which practice is that when

8   correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for
    delivering correspondence to the United States Postal Service, such correspondence is delivered to

9   the United States Postal Service that same day in the ordinary course of business.

10       Executed on July 2, 2019 at Los Angeles, California.

11  ☒       Federal        I declare under penalty of perjury under the laws of the United States of
    America that the foregoing is true and correct and that I am employed in the office of a member of

12  the bar of this Court at whose direction the service was made.

13  _____        _____
                    Monica Davis
14                  Print Name                                      Signature

MOTION FOR CHARGING ORDER
4828-3306-8698v.5 0088456-000079

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899