UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED LION HOTELS FRANCHISING, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIRST CAPITAL REAL ESTATE INVESTMENTS LLC; SUNEET SINGAL; and MAJIQUE LADNIER, <br><br> Defendants. | No. 2:18-mc-00161-TLN-DB <br><br><br> **ORDER** |

This matter is before the Court on Plaintiff Red Lion Hotels Franchising, Inc.'s ("Plaintiff") Motion for an Order Charging Debtors' Membership Interest. (ECF No. 19.) Defendants First Capital Real Estate Investments LLC, Suneet Singal ("Singal"), and Majique Ladnier ("Ladnier") (collectively, "Defendants") have not filed an opposition. For the reasons set forth below, the Court hereby GRANTS Plaintiff's motion.

///

///

///

///

///

///

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff obtained a judgment for $1,297,765.58 plus interest against Defendants on September 6, 2019 in the U.S. District Court for the Eastern District of Washington ("the Judgment") when it sued to enforce its rights under franchise license agreements to operate three hotels. (ECF No. 19 at 9–10.) Plaintiff obtained a writ of execution of the Judgment in this Court on March 6, 2019. (*Id.* at 10 (citing ECF No. 20 at 7–10).)

On December 14, 2015, Ladnier and Singal created a revocable family trust called the Ladnier-Singal Trust (the "Trust"). (*Id.* at 8.) Plaintiff has since learned that Ladnier and Singal control substantial assets through two limited liability companies ("LLCs") held by the Trust. (*Id.*) Plaintiff therefore seeks an Order charging Ladnier and Singal's membership interest in those LLCs — First Capital Master Advisor, LLC ("FCMA") and SRS, LLC[1] ("SRS"). (*Id.*)

Singal has previously attempted to argue the Trust is invalid and that the documents converted the revocable Trust into an irrevocable Trust (the "Trust Amendment").[2] (*Id.* at 10–11, 15–16.) However, two holders of judgments against Singal and/or his entities have sought and obtained charging orders in the Trust's interests in FCMA and SRS. (*Id.* at 13.) Both the Sacramento County and San Mateo County Superior Courts have concluded the Trust is valid and revocable. (*Id.* at 13–14 (citing ECF No. 20-1 at 40–44; ECF No. 20-2 at 59–61).) Ladnier has further testified the Trust is indeed revocable. (*Id.* at 11 (citing ECF No. 20 at 188).)

On July 2, 2019, Plaintiff filed the instant motion. (*See id.*) At the time of the filing of the instant motion, no payment had been made on the Judgment. (*Id.* at 10.) Defendants have not submitted an opposition and Plaintiff has not submitted a reply.

///

---

[1] SRS is a wholly-owned subsidiary of FCMA whose sole member is the Trust.

[2] The Trust Amendment, notarized on January 31, 2019, adds two new trustees — Stephen Michael Goodwin and Jeanine DeVries. (*Id.* at 11, 17 (citing ECF No. 20 at 117–121).) However, as Plaintiff notes, Goodwin is a friend and business partner of Singal and DeVries is Ladnier's mother. (*Id.* at 17 (citing ECF No. 20 at 197–98).) Goodwin's testimony further establishes that he knows very little to almost nothing about the Trust. (*Id.* (citing ECF No. 20 at 199–203).)

## II.  STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 69(a) "directs courts to act in accordance with the state procedure of the state where it is located when executing a judgment." *La Jolla Bank, FSB v. Tarkanian*, No. 13-mc-14 GSA, 2013 WL 3717108, at *1 (E.D. Cal. Jul. 12, 2013). California Civil Procedure Code § 708.310, applicable through Rule 69(a), provides for orders charging interest:

> If a money judgment is rendered against a partner or member but not against the partnership or limited liability company, the judgment debtor's interest in the partnership or limited liability company may be applied toward the satisfaction of the judgment by an order charging the judgment debtor's interest pursuant to Section 15907.3, 16504, or 17705.03 of the Corporations Code.

California Corporations Code § 17705.03 provides:

> On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. A charging order constitutes a lien on a judgment debtor's transferable interest and requires the limited liability company to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor.

"In addition, a lien on a judgment debtor's interest in a partnership or LLC is created by service of a notice of motion for a charging order on the judgment debtor and either (1) all partners or the partnership, or (2) all members of the LLC." *Choice Hotels Int'l, Inc. v. Penta Denver LLC*, No. C 13-80249 WHA, 2014 WL 458069, at *4 (N.D. Cal. Jan. 27, 2014) (citing Cal. Civ. Proc. Code § 708.320(a)).

## III.  ANALYSIS

Plaintiff seeks an Order from this Court charging the interest of Singal and Ladnier in FCMA and SRS. (*See* ECF No. 19). The record shows that the Trust is the sole member of FCMA and SRS is a wholly-owned subsidiary of FCMA. (*Id.* at 12 (citing ECF No. 20 at 42–54; ECF No. 20-1 at 22–39; ECF No. 20-2 at 170–75).) Plaintiff's motion was served on Defendants (ECF No. 19 at 27–28) and Defendants have not filed an opposition. Local Rule 230(c) allows the Court to construe Defendants' lack of opposition as a non-opposition to the motion. E.D. Cal. L.R. 230(c).

      Importantly, the Court has been presented with a certified Judgment against Defendants. Plaintiff further presented uncontroverted evidence that Singal and Ladnier have an interest in FCMA and SRS. Accordingly, Plaintiff's motion for a charging order is GRANTED.

      Plaintiff further seeks an Order to assign FCMA and SRS's interest in assets to Plaintiff to satisfy the Judgment, arguing that charging orders alone are ineffective.[3] (ECF No. 19 at 20.) Plaintiff contends the factors listed in California Civil Procedure Code § 708.510(c) support its request. (*Id.*) To determine whether an assignment order is proper, courts make take into account the following factors:

> (1) The reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor.
>
> (2) Payments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support.
>
> (3) The amount remaining due on the money judgment.
>
> (4) The amount being or to be received in satisfaction of the right to payment that may be assigned.

Cal. Civ. Proc. Code § 708.510(c). The Court finds that Plaintiff is correct that the application of these factors supports its request. Namely, "Singal testified that he is not relying on the assets at issue in this Motion" but is instead supported by friends. (ECF No. 19 at 20 (citing ECF No. 20 at 55–56).) Additionally, the Judgment is for approximately $1.3 million (while the assets are for a much greater amount) and other assignment orders have been entered for other creditors' benefit. (*Id.* (citing ECF No. 20-1 at 40–44; ECF No. 20-2 at 59–61).) Finally, assignment would allow Plaintiff to participate with other creditors in an attempt to satisfy its judgment against Singal and Ladnier. The Court further notes that Defendant's failure to file an opposition is construed as a non-opposition. Accordingly, Plaintiff's request for an assignment order is

---

[3]     Plaintiff notes that it has learned FCMA wholly and directly owns a $25,000,000 payment obligation on a loan from StHealth Capital Partners Group, LLC. (ECF No. 19 at 12 (citing ECF No. 20 at 57–59, 147–50).) Plaintiff also notes that it has learned SRS, as of January 30, 2019, owned or had the right to receive 9.1 percent of the common stock of Gadsen Growth Properties, Inc., which amounts to 481,004 shares and Singal testified it was trading at $10 per share. (*Id.* at 12–13 (citing ECF No. 20 at 169; ECF No. 20-1 at 22–39).)

GRANTED.

### IV. CONCLUSION

For the reasons stated above, the Court hereby GRANTS Plaintiff's Motion for an Order Charging Membership Interest. (ECF No. 19.) The Court hereby:

1. Charges the membership interest of judgment debtor Singal, including any interest held through the Trust in FCMA with payment of the unpaid balance of the judgment entered in this action;

2. Charges the membership interest of judgment debtor Ladnier, including any interest held through the Trust, in FCMA with payment of the unpaid balance of the judgment entered in this action;

3. Directs FCMA and all members thereof to pay any distributions due or to become due to Singal, Ladnier, or the Trust directly to Red Lion until the amount remaining due on the judgment, plus all accrued interest and post-judgment costs thereon, is paid in full;

4. Charges the membership interest of judgment debtor Singal, including any interest held through the Trust, in SRS with payment of the unpaid balance of the judgment entered in this action;

5. Charges the membership interest of judgment debtor Ladnier, including any interest held through the Trust, in the limited liability corporation SRS with payment of the unpaid balance of the judgment entered in this action;

6. Directs SRS and all members thereof to pay any distributions due or to become due to Singal, Ladnier, or the Trust directly to Plaintiff until the amount remaining due on the judgment, plus all accrued interest and post-judgment costs thereon, is paid in full; and

7. Assigns to Plaintiff (a) the interest of FCMA in the $25,000,000 payment obligation on a loan from StHealth Capital Partners Group, LLC and (b) the interest of SRS in shares of Gadsen Growth Properties, Inc., until the amount remaining due on the judgment, plus all accrued interest and post-judgment costs thereon, is paid in full.

IT IS SO ORDERED.

///

DATED: January 28, 2022

Troy L. Nunley
United States District Judge